UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ALLEN DUPREE GARRETT,               :
                                    :
         Plaintiff,                 :      1:20-cv-19609-NLH
                                    :
    v.                              :      **OPINION**
                                    :
                                    :
                                    :
COMMISSIONER OF                     :
SOCIAL SECURITY,                    :
                                    :
         Defendant.                 :
_____ :

**APPEARANCE:**

Allen Dupree Garrett
4366289
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

    Plaintiff Pro se

**HILLMAN, District Judge**

    Plaintiff Allen Dupree Garrett, an inmate presently detained in the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims under Section 205(g) of the Social Security Act, 42 U.S.C., Section 405(g), to review a final decision of the Commissioner of the Social Security Administration.  See ECF No. 1.

    Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are

attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period.  Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the filing fee, in installments, as follows.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is

2

frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).[1]

---

[1] The United States Supreme Court has recently explained:

> To help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule.  That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  Today we address whether a suit dismissed for failure to state a claim counts as a strike when the dismissal was without prejudice.  We conclude that it does: The text of Section

3

Plaintiff's current action is subject to the three-strikes provision of § 1915(g).  See Garrett v. United States, No. 20-12904, 2020 WL 6739542 (D.N.J. Nov. 17, 2020);[2] see also Meyers v. Commissioner of Social Security Administration, 801 F. App'x 90, 96 (4th Cir. 2020) (affirming that the three-strikes rule of § 1915(g) applies to a complaint filed against the Commissioner of the Social Security Administration); Allen v. Quillen, 2020 WL 7181061, at *2 (S.D. Cal. Dec. 7, 2020) (finding that a complaint against the Commissioner of the Social Security Administration constituted a strike under the three-strikes rule); Jones v. Saul, 2020 WL 1495399, at *1 (D. Kan. Feb. 28, 2020) (on a motion to amend the judgment, affirming its dismissal of the plaintiff's social security appeal under the three-strikes rule).

Before Plaintiff may proceed in forma pauperis in this action, Plaintiff must submit a statement demonstrating why he

---

> 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without.

Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (U.S. June 8, 2020) (one internal citation omitted).

[2] Plaintiff has had at least three qualifying dismissals: Garrett v. Murphy, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); Garrett v. United States, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); Garrett v. Mendez, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim).

would be in imminent danger of serious physical injury if the Court did not grant him in forma pauperis status.³

CONCLUSION

For the reasons set forth above, Plaintiff must submit a statement demonstrating imminent danger of serious physical injury before he may proceed in forma pauperis.  Plaintiff must submit the statement within 30 days, or the Court will administratively terminate the complaint pending receipt of the $350 filing fee and $52 administrative fee.⁴  An appropriate Order follows.

Date:  December 28, 2020            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

³ See Meyers, 801 F. App'x at 95 (explaining that the Imminent Danger Provision requires a relationship between the imminent danger alleged in the IFP application and the facts alleged and relief sought in the underlying claim, and finding that because the relief sought in the SSA claim was a request for backpay and the administrative reopening of a prior SSA claim, it had no relationship at all to the alleged imminent danger of prison guards failing to protect Appellant from murder at the hands of a drug lord, and refusing to offer mental health services such that Appellant is in danger of committing suicide).

⁴ The Court also notes that Plaintiff's complaint does not contain the necessary information to appeal the Commissioner's denial of his social security benefits.  A form complaint, which indicates what is required to be pleaded, is located here: https://www.njd.uscourts.gov/sites/njd/files/forms/SocialSecurityComplaint_2.pdf.  If Plaintiff demonstrates why his complaint should not be precluded under the three-strikes rule, the Court will direct the Clerk to mail Plaintiff a copy of the form complaint.