```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

_____
                              :
ALLEN DUPREE GARRETT,         :
                              :
        Plaintiff,            :   1:20-cv-19609-NLH
                              :
     v.                       :   OPINION
                              :
                              :
                              :
COMMISSIONER OF               :
SOCIAL SECURITY,              :
                              :
        Defendant.            :
_____:

**APPEARANCE:**

Allen Dupree Garrett
4366289
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

   Plaintiff Pro se

**HILLMAN**, District Judge

   Plaintiff Allen Dupree Garrett, an inmate presently detained in the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims under Section 205(g) of the Social Security Act, 42 U.S.C., Section 405(g), to review a final decision of the Commissioner of the Social Security Administration.

   Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are

attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary

2

relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).[1]

---

[1] The United States Supreme Court has recently explained:

> To help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule.  That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  Today we address whether a suit dismissed for failure to state a claim counts as a strike when the dismissal was without prejudice.  We conclude that it does: The text of Section 1915(g)'s three-strikes provision refers to any dismissal

Previously, the Court reviewed Plaintiff's complaint and noted that Plaintiff's current action appeared to be subject to the three-strikes provision of § 1915(g). (Docket No. 2, citing Garrett v. United States, No. 20-12904, 2020 WL 6739542 (D.N.J. Nov. 17, 2020)).[2] The Court further noted that it appeared the three-strikes rule applies to a complaint against the Commissioner of the Social Security Administration. (Id., citing Meyers v. Commissioner of Social Security Administration, 801 F. App'x 90, 96 (4th Cir. 2020) (affirming that the three-strikes rule of § 1915(g) applies to a complaint filed against the Commissioner of the Social Security Administration); Allen v. Quillen, 2020 WL 7181061, at *2 (S.D. Cal. Dec. 7, 2020) (finding that a complaint against the Commissioner of the Social Security Administration constituted a strike under the three-strikes rule); Jones v. Saul, 2020 WL 1495399, at *1 (D. Kan. Feb. 28, 2020) (on a motion to amend the judgment, affirming its

---

    for failure to state a claim, whether with prejudice or without.

Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (U.S. June 8, 2020) (one internal citation omitted).

[2] Plaintiff has had at least three qualifying dismissals: Garrett v. Murphy, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); Garrett v. United States, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); Garrett v. Mendez, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim).

4

dismissal of the plaintiff's social security appeal under the three-strikes rule).

The Court directed that Plaintiff was to submit a statement demonstrating imminent danger of serious physical injury before he may proceed in forma pauperis. Plaintiff was to submit the statement within 30 days, or the Court would administratively terminate the complaint pending receipt of the $350 filing fee and $52 administrative fee. (Id.)

Plaintiff has filed numerous responses to the Court's Order. The Court must deny Plaintiff's IFP application and dismiss the matter, for two reasons:

1. The Court has reviewed all of Plaintiff's submissions (Docket No. 4-15), and the Court finds that Plaintiff has not articulated how he is in imminent danger of serious physical injury arising from the SSA's alleged failure to pay him the social security benefits he claims he is owed.[3]

2. Because Plaintiff is currently incarcerated, Plaintiff is ineligible to receive SSA benefits, even if it were

---

[3] See Meyers, 801 F. App'x at 95 (explaining that the Imminent Danger Provision requires a relationship between the imminent danger alleged in the IFP application and the facts alleged and relief sought in the underlying claim, and finding that because the relief sought in the SSA claim was a request for backpay and the administrative reopening of a prior SSA claim, it had no relationship at all to the alleged imminent danger of prison guards failing to protect Appellant from murder at the hands of a drug lord, and refusing to offer mental health services such that Appellant is in danger of committing suicide).

5

determined that he is entitled to them if he were not incarcerated, and even if Plaintiff paid the filing fee. See No Social Security Benefits for Prisoners Act of 2009, Pub. L. No. 111-115, 123 Stat. 3029, 2009 H.R. 4218, enacted Dec. 15, 2009, amends 42 U.S.C. § 404(a)(1)(B), (a)(2) and 42 U.S.C. § 1383(b)(7)(A) ("In the case of payment of less than the correct amount of benefits to or on behalf of any individual, no payment shall be made to such individual pursuant to this subsection during any period for which such individual--
(i) is not an eligible individual or eligible spouse under section 1382(e)(1) of this title because such individual is an inmate of a public institution that is a jail, prison, or other penal institution or correctional facility the purpose of which is to confine individuals as described in clause (ii) or (iii) of section 402(x)(1)(A) of this title.").

    Consequently, for the reasons set forth above, Plaintiff's IFP application will be denied, and Plaintiff's complaint will be dismissed.

    An appropriate Order follows.

Date: September 30, 2021      s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.